IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH ANDREW BEACH, (TDCJ-CID #2149718) Plaintiff, | § § § § | |
| vs. | § | CIVIL ACTION H-18-4632 |
| CHRISTINE NICOLE BEACH, Defendant. | § § § § § | |

**MEMORANDUM ON DISMISSAL**

**I.    Background**

Joseph Andrew Beach, a Texas Department of Criminal Justice inmate, sued in December 2018, alleging civil rights violations resulting from a denial of due process. Beach, proceeding pro se and in forma pauperis, sues Christine Nicole Beach, his ex-wife. Beach alleges that his ex-wife forged a signature and stole his tax refund payment. He asks that he be compensated for the stolen property and that his ex-wife be prosecuted.

The threshold issue is whether the complaint filed by Beach should be dismissed as frivolous.

**II.    Discussion**

A district court must dismiss a prisoner's § 1983 complaint if the action is malicious or frivolous, fails to state a claim, or seeks monetary relief from a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), the Court may dismiss an in forma pauperis complaint as frivolous when it lacks an arguable basis in law or fact. *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007) (citing *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998)). A complaint is

O:\RAO\VDG\2018\18-4632.a01.wpd

frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

A cause of action under 42 U.S.C. § 1983 requires a showing that Beach has been deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law. *Baker v. McCollan*, 443 U.S. 137 (1979).

Generally, nothing in the language of the Due Process Clause requires the state to protect the life, liberty, and property of its citizens against invasion by private actors. *Piotrowski v. City of Houston*, 51 F.3d 512, 515 (5th Cir. 1995)(citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989)). The Due Process Clause confers protection to the general public against unwarranted governmental interference, but it does not confer an entitlement to governmental aid as may be necessary to realize the advantages of liberty guaranteed by the Clause. *Walton v. Alexander*, 44 F.3d 1297, 1302 (5th Cir. 1995)(en banc).

The actions of private actors such as the named defendant do not constitute state action under 42 U.S.C. § 1983. *See Briscoe v. LaHue*, 460 U.S. 325, 329 (1983). Beach has failed to demonstrate that he has been deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law. To the extent Beach seeks to prosecute a criminal case against the named defendant, he does not have a federally secured right to pursue a criminal prosecution. The executive branches of the state and federal government have

exclusive jurisdiction to commence criminal charges. *See Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981) (quotations and quoted case omitted) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Pierre v. Guidry*, 75 F. App'x 300, 300 (5th Cir. 2003) (citing *Cort v. Ash,* 422 U.S. 66, 79 (1975)) (plaintiff has no right to bring a private action under criminal statutes); *Oliver v. Collins*, 904 F.2d 278, 280-281 (5th Cir. 1990) (the decision to file or not to file criminal charges falls within the category of acts that will not give rise to liability under 42 U.S.C. § 1983).

Beach's claims against the named defendant are DISMISSED as frivolous.

### III. Conclusion

Beach's motion to proceed in forma pauperis, (Docket Entry No. 2), is GRANTED. The action filed by Joseph Andrew Beach (TDCJ-CID Inmate #2149718) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

The TDCJ-CID must continue to deduct twenty percent of each deposit made to Beach's inmate trust account and forward payments to the Court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the Manager of the Three-Strikes List for the Southern District of Texas at:

Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on _____January 7_____, 2019.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE